## MATTER OF KAI HING HUI

### In Deportation Proceedings

### A-20019215

*Decided by Board April 7, 1975*
(As corrected by amendatory order of May 2, 1975)

The Service appeals from the grant of adjustment of status to that of a lawful permanent resident alien, under section 245 of the Immigration and Nationality Act. The appeal is sustained. Respondent gained entry into the United States by using a nonresident alien Mexican border crossing card which he obtained by misrepresenting his identity, date and place of birth and nationality. He is therefore excludable under section 212(a)(19) of the Act because he obtained his entry document by wilful misrepresentations of material facts, and does not merit the favorable exercise of discretion for adjustment of status.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant visitor— —remained longer than permitted.

ON BEHALF OF RESPONDENT:
Jack Wong Sing, Esquire
Chow and Sing
550 Montgomery Street
San Francisco, California 94111

ON BEHALF OF SERVICE:
Irving A. Appleman
Appellate Trial Attorney
Stuart Shelby
Trial Attorney

This is an appeal by the Service from a decision of an immigration judge dated December 12, 1972 granting the respondent's application for status as a permanent resident under section 245 of the Immigration and Nationality Act. The appeal will be sustained.

The respondent is a 43-year-old native of China who last entered the United States on June 14, 1970 with a nonimmigrant alien Mexican border crossing card which had been issued to him in 1967 upon his application which was based on a false identity. The respondent had entered Mexico in 1948, when he was 18 years of age, with a false Mexican passport obtained for him by his father. At the deportation hearing, the respondent conceded his alienage and deportability as an overstayed visitor.

The respondent's naturalized United States citizen sister petitioned to have him classified as a fifth preference alien on August 14, 1970. The petition was granted on January 2, 1971. The respondent's application

for permanent resident status, however, was denied by the district director on the ground that the respondent was excludable from the United States under section 212(a)(19) of the Act as an alien who had obtained his entry into the United States by fraud or wilful misrepresentation.

The alien renewed his application for section 245 relief before an immigration judge. The immigration judge concluded that the respondent was not inadmissible under section 212(a)(19) of the Act, and granted him adjustment of status pursuant to section 245. The Service has appealed this grant.

On appeal the Service contends (1) that the respondent is excludable as one who has procured a visa or other documentation, or entry into the United States by wilfully misrepresenting a material fact within the meaning of section 212(a)(19) of the Act; and (2) that the respondent is ineligible to receive a visa and is therefore not statutorily eligible for section 245 relief.

The sole issue before us is whether the respondent's misrepresentations of his identity, date of birth, nationality, and place of birth in obtaining a nonresident alien Mexican border crossing card is material within section 212(a)(19) of the Act.

In *Matter of S— and B—C—*, 9 I. & N. Dec. 436, 448–449 (A.G. 1961), the Attorney General, in discussing whether a misrepresentation is material, stated:

> The test of materiality which in my judgment will best effectuate the objectives of the Act is the following: A misrepresentation made in connection with an application for visa or other documents, or with entry into the United States, is material if either (1) the alien is excludable on the true facts, or (2) the misrepresentation tends to shut off a line of inquiry which is relevant to the alien's eligibility and which might well have resulted in a proper determination that he be excluded. . . .

In applying for the nonresident alien Mexican border crossing card the respondent certified that his name was Fernando Chee Acevedo, that his date of birth was May 1, 1929, and that he was born in Chihuahua, Mexico. The "true" facts are that the respondent's name is Kai Hing Hui and that he was born on December 14, 1930, in China. As a citizen of China he was ineligible for a nonresident alien Mexican border crossing card, use of which is limited to Mexican nationals (8 CFR 212.6).

The immigration judge concluded that intent to deceive was a necessary prerequisite to a finding of deportability under 212(a)(19). He asserted that the Attorney General in *Matter of S— and B—C—*, supra, overruled our decision in *Matter of G—G—*, 7 I. & N. Dec. 161 (BIA 1956). We do not agree. The information furnished by the respondent to the Service regarding his identity was not true. The issue of intent with which the respondent gave those untrue answers is no longer govern-

ing. We interpret the Attorney General's decision in *Matter of S— and B—C—* as one which modified *Matter of G—G—* so that the intent to deceive is no longer required before the wilful misrepresentation charge comes into play.

In the present case, the respondent misrepresented his identity, place of birth, nationality, and date of birth. He did so in order to obtain a benefit to which he was not otherwise entitled—entry into the United States with a nonresident alien Mexican border crossing card, use of which is restricted to citizens of Mexico. The respondent knew that he was not Fernando Chee Acevedo and in claiming to be that person he was making a claim to gain the border crossing card which would not have been issued to him on the "true" facts.

Our review of the record, as well as contentions raised on appeal, satisfies us (1) that the respondent procured a visa or other documentation by fraud, or by wilfully misrepresenting a material fact; and (2) that the respondent has not established his admissibility.

After consideration of the evidence of this record, we conclude that the respondent obtained his visa by wilful misrepresentation of material facts and is ineligible for adjustment of status on the basis of his inadmissibility under section 212(a)(19) of the Act. We disagree with the immigration judge that the respondent's obtaining the nonresident alien Mexican border crossing card in a false identity and nationality is not an adverse factor. The respondent has not offered sufficient countervailing equities necessary to offset the adverse factors to merit favorable exercise of administrative discretion. In applying the standards established in *Matter of Arai*, 13 I. & N. Dec. 494 (BIA 1970), we conclude that the respondent does not merit the favorable exercise of discretion. Accordingly, we shall sustain the Service appeal. The following order will be entered.

ORDER: The Service appeal is sustained.

*Further order:* The immigration judge's order of December 12, 1972 is withdrawn.

*Further order:* In lieu of an order of deportation, the respondent is granted voluntary departure within 30 days from the date of this decision, or any extension beyond that date as is granted by the district director and under such conditions as he shall direct.

*Further order:* If the respondent fails to depart voluntarily when and as required, the privilege of voluntary departure shall be withdrawn without further notice or proceedings, and the respondent shall be deported to Mexico, if that country agrees to accept him, and if Mexico refuses to accept him, then the respondent will be deported to the Republic of China on Taiwan.

Irving A. Appleman, Board Member, abstained from consideration of this case.