**Olga SERGUEEVA, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General,\* Respondent.**

No. 07–2238–ag.

United States Court of Appeals, Second Circuit.

April 28, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted as the respondent in this case.

Daniel B. Lundy, Barst & Mukamal LLP, New York, N.Y., for Petitioner.

Patrick J. Glen, Office of Immigration Litigation (Emily Anne Radford, Office of Immigration Litigation, Gregory G. Katsas, Assistant Attorney General, on the brief), United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. PIERRE N. LEVAL and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Olga Sergueeva, a native and citizen of Russia, seeks review of an April 26, 2007 order of the BIA, which reaffirmed its January 27, 2005 order affirming the August 6, 2003 decision of Immigration Judge ("IJ") finding Sergueeva removable as charged, ineligible to apply for adjustment of status, and ineligible for a waiver of removal pursuant to 8 U.S.C. § 1227(a)(1)(H). *See In re Olga Sergueeva,* No. A 73 144 219 (B.I.A. Jan. 27, 2005), *aff'g* No. A 73 144 219 (Immig. Ct. N.Y. City Aug. 6, 2003). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Sergueeva obtained lawful permanent resident status in the United States in 1994 by means of an I–360 religious worker petition filed on her behalf by the Carpatho–Ukrainian Orthodox Archdiocese. When she subsequently attempted to obtain a visa for her daughter, United States consular officials in Moscow became suspicious of her initial visa petition and application, which were similar to other fraudulent petitions filed by a man who had posed as an attorney. A consular report records that during the course of an interview in Moscow in 1995, Sergueeva knew next to nothing about the church where she claimed she gave religious instruction.

Upon returning from a subsequent trip back to Russia in 1997, Sergueeva was stopped and questioned at John F. Kennedy Airport. This time she admitted that she had made a payment to procure her religious worker visa. She was placed into removal proceedings, charged *inter alia* with inadmissability as an arriving alien under 8 U.S.C. § 1182(a)(6)(C)(i) (as an alien who procured a visa through fraud or misrepresentation). She was then paroled into the United States. (Sergueeva was subsequently charged with deportability as a lawful permanent resident, but those charges were orally dropped.)

In March 2001, after her removal proceedings had commenced, Sergueeva married a United States citizen. A visa petition based on this marriage was filed on April 19, 2001, and approved on August 7, 2001. Accordingly, during her removal proceedings, Sergueeva filed an application

for adjustment of status and for waiver of a ground of inadmissability.

In an order dated August 6, 2003, the IJ determined that Sergueeva's visa had been obtained by fraud or willfull misrepresentation of a material fact, and that she was therefore inadmissible under 8 U.S.C. § 1182(a)(6)(C)(i). The IJ relied, *inter alia,* on her "willfull misrepresent[ation]" of herself as a religious worker to U.S. Consular officials in 1995. The IJ determined that since her visa was obtained by fraud or willfull misrepresentation, she never received lawful permanent resident status in the first place, and hence she was an arriving alien and ineligible to adjust status in removal proceedings before an IJ (citing 8 C.F.R. § 245.1(c)(8)). Finally, the IJ also determined that she was ineligible for a waiver of removal pursuant to 8 U.S.C. § 1227(a)(1)(H) because her fraud in connection with the religious worker visa was not committed at the time of her entry. The BIA affirmed without opinion.

After Sergueeva filed a petition for review here, 8 C.F.R. § 245.1(c)(8) was repealed, and the new regulations permitted certain arriving aliens in removal proceedings to apply for adjustment of status before an IJ, and others to apply before the U.S. Citizenship and Immigration Services ("CIS"). 8 C.F.R. § 1245.2(a)(1)(ii). Accordingly, the parties stipulated to remand to consider the effect of new regulations. Sergueeva also applied for adjustment before the CIS.

On remand, the BIA determined · that Sergueeva's case was unaffected by the new regulation, and reaffirmed its earlier decision that she was ineligible to apply for adjustment before the IJ. Sergueeva then filed the instant petition for review. (Sergueeva does not separately challenge the BIA's finding that the amended regulations did not allow her to apply to adjust status before the IJ.)

Where, as here, the BIA affirms, without opinion, the decision of the IJ, we review the IJ's decision as the final agency determination. *See Iouri v. Ashcroft,* 487 F.3d 76, 81 (2d Cir.2007); *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); 8 C.F.R. § 1003.1(e)(4).

 Sergueeva first challenges the IJ's finding that she procured a visa by "willfully misrepresenting a material fact[.]" 8 U.S.C. § 1182(a)(6)(C)(i). She contends principally that she was unaware of the precise nature of the forms her supposed lawyer had her sign, and that the documents on which the IJ relied are unreliable, undated and unsigned.

We review the agency's factual findings under the substantial evidence standard. *Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007); *see also* 8 U.S.C. § 1252(b)(4)(B). To constitute a fraud, an alien must have made a false representation of a material fact, with knowledge of its falsity and with an intent to deceive a government official, and the misrepresentation must have been believed and acted upon by the official. *Matter of G–G–,* 7 I. & N. Dec. 161, 164 (B.I.A.1956). A wilful misrepresentation, however, only requires that the alien knowingly make a material misstatement to a government official for the purpose of obtaining an immigration benefit to which one is not entitled. *Matter of Kai Hing Hui,* 15 I. & N. Dec. 288, 289–90 (B.I.A.1975).

The report of Sergueeva's 1995 interview in Moscow, which is in fact both dated and signed, provides substantial evidence that she knowingly made a material misstatement to a government official. At the interview in Moscow, she kept up the pretense that she was a religious worker, but now concedes that she was not. Hence the evidence was sufficient to support the IJ's finding of a willfull misrepresentation.

Sergueeva next argues that because she does not fall into any of the exceptions set forth at 8 U.S.C. § 1101(a)(13)(C), for when returning lawful permanent residents may be treated as arriving aliens, she should have been charged as a deportable lawful permanent resident, with concomitant procedural advantages, until such time as there was a finding that her religious worker visa was in fact procured by willfull misrepresentation. However, the BIA has explained that an alien whose status has been adjusted to lawful permanent resident but who is subsequently determined in an immigration proceeding to have originally been ineligible for that status has not been "lawfully admitted for permanent residence" because the "alien is deemed, *ab initio*, never to have obtained lawful permanent resident status." *In Matter of Koloamatangi*, 23 I. & N. Dec. 548, 551 (B.I.A. 2003). In *De La Rosa v. United States Department of Homeland Security*, 489 F.3d 551, 554 (2d Cir.2007), we held that the BIA's interpretation of "lawfully admitted for permanent residence" in *Koloamatangi* was reasonable and entitled to deference under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). Accordingly, Sergueeva was not entitled to the presumption of being a returning lawful permanent resident because she was not in fact a lawful permanent resident. *See also Kim v. Holder*, 560 F.3d 833, 2009 WL 775560, at * 4 (8th Cir. Mar.26, 2009) ("Section 1101(a)(13)(C) applies only to '[a]n alien lawfully admitted for permanent residence' .... [Petitioner]'s status was not lawfully conferred, and therefore [the IJ] did not err in treating [petitioner] as an arriving alien.").

Finally, Sergueeva argues that the IJ erred in finding her ineligible for a waiver of removal under 8 U.S.C. § 1227(a)(1)(H). But the plain terms of § 1227(a)(1)(H) allow waivers only for aliens "in and admitted to the United States." § 1227(a). Sergueeva was not lawfully admitted in 1994, and subsequently returned to Russia. When she arrived back here, she was not "admitted" into the United States, but rather only paroled in. *See, e.g., Zadvydas v. Davis*, 533 U.S. 678, 693, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). Therefore, as an arriving alien, she is ineligible for a § 1227(a)(1)(H) waiver.

For the foregoing reasons, the petition for review is **DENIED**. As we have completed our review, our order of August 16, 2007 staying Sergueeva's removal is hereby **VACATED**.