11-4260-ag
*Davila-Abarca v. Holder*
BIA
A088 189 897

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26ᵗʰ day of September, two thousand twelve.

PRESENT:

      PIERRE N. LEVAL,
      JOSÉ A. CABRANES,
      ROBERT A. KATZMANN,

                *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

AURELIO DAVILA-ABARCA,

       *Petitioner*,

   v.                            No. 11-4260-ag

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,

       *Respondent*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PETITIONER:**          Glenn L. Formica, New Haven, CT.

**FOR RESPONDENT:**        Stuart F. Delery, Acting Assistant Attorney General; Derek C. Julius, Senior Litigation Counsel; Benjamin Mark Moss, Trial

Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review of the September 15, 2011 decision of the Board of Immigration Appeals ("BIA") is **DISMISSED IN PART AND DENIED IN PART**.

Aurelio Davila-Abarca, a native and citizen of Peru, seeks review of a September 15, 2011, order of the BIA affirming the September 3, 2010, decision of an Immigration Judge ("IJ") that denied his applications for adjustment of status and a waiver of inadmissibility, *In re Aurelio Davila-Abarca*, No. A088 189 897 (B.I.A. Sept. 15, 2011), *aff'g* No. A088 189 897 (Immig. Ct. Hartford, Sept. 3, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "'for the sake of completeness.'" *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (quoting *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006)). We review the BIA's legal conclusions *de novo*, "with the caveat that the BIA's interpretations of ambiguous provisions of the [Immigration and Nationality Act] are owed substantial deference unless 'arbitrary, capricious, or manifestly contrary to the statute.'" *Mardones v. McElroy*, 197 F.3d 619, 624 (2d Cir. 1999) (quoting *Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 844 (1984)).

## I. Adjustment Application

"Any alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit provided under this Act is inadmissible." INA § 212(a)(6)(C)(i), 8 U.S.C. § 1182(a)(6)(C)(i). The agency found Davila-Abarca inadmissible, and thus ineligible for adjustment of status, based on his presentation of a fraudulent green card to government agents. Davila-Abarca challenges that determination on two grounds: (1) that the presentation was neither "fraudulent" nor a "willful" misrepresentation of a material fact; and (2) that he was not seeking to procure an immigration benefit by presenting the fraudulent document.

### A. Fraudulent or Willful Misrepresentation of a Material Fact

Davila-Abarca contends that his presentation of a fraudulent green card to government agents was not willful because he was "ordered" to produce proof of his immigration status. While Davila-Abarca failed to raise this argument before the agency, we may review it because the BIA independently addressed it by agreeing with the IJ's conclusion that Davila-Abarca "consciously" and "knowingly" presented the fraudulent green card. *See Waldron v. INS*, 17 F.3d 511, 515 n.7 (2d Cir. 1994).

2

Davila-Abarca's argument that his presentation of the fraudulent green card was not willful lacks merit because it is belied by his own sworn testimony indicating that his conduct was deliberate and voluntary. *See Emokah v. Mukasey*, 523 F.3d 110, 116-17 (2d Cir. 2008). Davila-Abarca testified that when government agents asked him for his identification, he gave them his fraudulent green card, while his authentic Peruvian passport was hidden in a box. Under these circumstances, the agency reasonably determined that Davila-Abarca's presentation of his false green card to the ICE agents was "willful" within the meaning of 8 U.S.C. § 1182(a)(6)(C)(i). *See id.*; *see also Matter of Kai Hing Hui*, 15 I&N Dec. 288, 289-90 (B.I.A. 1975). Because the agency did not err in determining that Davila-Abarca made a willful misrepresentation of a material fact, and because an alien is inadmissible under 8 U.S.C. § 1182(a)(6)(C)(i) for either fraud *or* willfully misrepresenting a material fact, we do not address whether Davila-Abarca's conduct was also fraudulent. *See INS v. Bagamasbad*, 429 U.S. 24, 24 (1976).

### B. Seeking to Procure an Immigration Benefit

The BIA found that an alien, such as Davila-Abarca, who presents a fraudulent green card to immigration officials to prevent the initiation of removal proceedings, has sought to procure an immigration "benefit" within the meaning of § 1182(a)(6)(C)(i). Davila-Abarca argues only that he was not seeking to procure an immigration benefit when he presented his fraudulent green card to ICE agents because he did not seek to enter the country, receive work authorization, or attempt to adjust status with the fraudulent green card. Contrary to this narrow reading, however, 8 U.S.C. § 1182(a)(6)(C)(i) applies to an alien who seeks to procure, or does procure, a visa, other documentation, admission into the United States, or "other benefit[s]." Davila-Abarca does not contend that avoiding the initiation of removal proceedings is not a "benefit" under the INA, nor does he present any legal argument for why the statute should be circumscribed in the manner he suggests.

### II. Waiver of Inadmissibility

Under 8 U.S.C. § 1182(i), an alien inadmissible under § 1182(a)(6)(C)(i) may be granted a waiver "in the discretion of the Attorney General . . . [if he] is the [son] of [aliens] lawfully admitted for permanent residence . . . [and] establishe[s] to the satisfaction of Attorney General that the refusal of admission . . . would result in extreme hardship to the [lawful permanent resident parents]." Davila-Abarca challenges the agency's finding that his removal would not cause "extreme hardship" to his lawful permanent resident parents. Davila-Abarca also contends that he raises a question of law because the agency "seriously mischaracterized" his parents' health issues and the important role he plays in their lives. The BIA's decision, however, accurately notes his mother's health conditions, as well as the supportive role he plays in his parents' lives; it neither overlooked nor seriously mischaracterized his parents' testimony. *See Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009).

3

Even though Davila-Abarca disagrees with the agency's determination that the level of hardship his parents would suffer upon his removal would not be "extreme," his arguments amount to nothing more than a "quarrel . . . over the correctness of . . . factual findings or justification for . . . discretionary choices," *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006), and do not raise a question of law or constitutional claim.  We therefore lack jurisdiction to review the agency's denial of his application for a waiver of inadmissibility under § 1182(i).  *See* INA § 242(a)(2)(B)(i), 8 U.S.C. § 1252(a)(2)(B)(I).

For the foregoing reasons, the petition for review is **DISMISSED IN PART AND DENIED IN PART**. As we have completed our review, any stay of removal that the Court previously granted in this petition is **VACATED**, and any pending motion for a stay of removal in this petition is **DISMISSED** as moot.  Any pending request for oral argument in this petition is **DENIED** in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

4